IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS CONCERT,<br>    Plaintiff | No. 3:10cv1371 |
| | (Judge Munley) |
| v. | |
| CHIEF THOMAS L. OMANIR;<br>SWOYERVILLE POLICE<br>DEPARTMENT;<br>CPL. ADAM CHRISTIAN SWOY;<br>OFFICER JOSHUA WOLINSKY;<br>MAYOR JAMES KELLER; and<br>BOROUGH of LUZERNE, PA,<br>    Defendants | |

## MEMORANDUM

Before the court is plaintiff's motion to proceed in forma pauperis. The court gives the complaint an initial screening to determine whether it should be served on the defendants.

## I. Background

This case arises out of contacts between the plaintiff and members of the Defendant Swoyersville Police Department. (See Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 1). Plaintiff alleges that on or about July 3, 2007 he came across a woman who had been assaulted by her significant other. (Id. at ¶ 4). The woman asked plaintiff if he had access to a cell phone to call the police. (Id.) Defendant Swoyerville Police Department apparently also served the Defendant Borough of

Luzerne. (Id. at ¶ 5). Plaintiff alleges that Swoyerville police officers had "a pattern and practice of maliciously issuing citations and Violations of Polonius allegations" against Luzerne residents. (Id. at ¶ 5b).[1] This antipathy towards Luzerne residents apparently grew out of Swoyerville officers' dislike for enforing the law in Luzerne. (Id.)

Plaintiff apparently contacted police in reference to this incident, seeking aid for the assaulted woman. (Id. at ¶ 31). Instead of aiding this woman, police charged her with disorderly conduct. (Id. at ¶ 32). Police did nothing to investigate the charges she raised against her alleged attacker. (Id.) Indeed, Defendant Corporal Adam Christianson acted aggressively towards the plaintiff when he arrived to investigate the incident, shoving plaintiff and telling him to "mind [his] own business." (Id. at ¶ 36). Plaintiff also apparently repeatedly complained to police and Borough officials about activities at a nearby bar, all to no avail. (Id. at ¶¶ 29-30; 39-40).

Instead, documents attached to the complaint indicate that Defendant Christianson swore out an affidavit of probable cause against the plaintiff on July 3, 2007. (See Exhibits [not divided by number] to Cmplt.). Christianson alleged that from May 1, 2007 to July 3, 2007 plaintiff had sent numerous faxes to the Swoyerville Police Department which had no legitimate purpose. (Id.) On July 1,

---

[1] The complaint actually contains two paragraph 5s. The court refers to the second paragraph 5 as "5b."

2

2007, Christianson reported, he and Defendant Officer Joshua Wolinsky responded to a call at the Luzerne Shopping Center. (Id.) Christianson spoke with plaintiff regarding recovery of "his friends [sic] belongings." (Id.) After plaintiff admitted to sending faxes to the Police Department, and Christianson ordered him to stop, telling him that a 911 call was the only means by which he should contact police. (Id.) On July 3, 2007, plaintiff faxed another letter to the police department. (Id.) When police received this unsolicited fax, Christianson swore out his affidavit. (Id.) The affidavit alleged three counts of harassment based on plaintiff's continued faxing of letters to the department. (Id.)

Plaintiff filed a complaint and motion to proceed in forma pauperis on July 2, 2010. Plaintiff does not raise specific counts, but he cites as the source of this court's jurisdiction 42 U.S.C. § 1983, and alleges violations of his First, Fourth and Fourteenth Amendment rights. From the body of the complaint, it is apparent to the court that plaintiff alleges false arrest and malicious prosecution based on the charges laid against him. His claims could also be construed as claims of First Amendment retaliation, since plaintiff appears to allege that the charges brought against him were retaliation for exercising his right to petition the government.

## II. Jurisdiction

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

of the United States.").

## III. Legal Standard

Under 28 U.S.C. § 1915(d), courts are permitted "to consider whether an in forma pauperis complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). The court may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The court undertakes such an evaluation before service of the complaint.

## IV. Discussion

The court finds that plaintiff's claims, whether based on the First Amendment retaliation, malicious prosecution or false arrest, are all barred by the statute of limitations. State law applies to section 1983 claims when determining the appropriate statute of limitations "if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 265 (1985). Specifically, the statute of limitations for section 1983 actions is the State's statute of limitations for personal-injury torts. Owens v. Okure, 488 U.S. 235, 249-250, (1989); Wilson, 471 U.S. at 279-280.

Pennsylvania law requires that the plaintiff commence his action within two years of his injury. See 42 Pa. CONS. STAT .ANN. §5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury

4

to person or property which is founded on negligent, intentional, or otherwise tortious conduct"). Moreover, Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing "when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct." Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. Ct. 1984). The statute of limitations on a claim for false arrest and malicious prosecution begins "to run when [plaintiff] appeared before the examining magistrate and was bound over for trial." Wallace v. Kato, 549 U.S. 384, 391-92 (2007).

Plaintiff alleges that the incident which led to his claim occurred in July 2007, and Christianson delivered the affidavit of probable cause to a magistrate, who signed it, on July 3, 2007. The statute of limitations on plaintiff's false arrest and malicious prosecution claims began to run on that date. In terms of any First Amendment claim, plaintiff knew of his injury (an arrest for complaining) and its source (Christianson's affidavit of probable cause) nearly three years before he filed his complaint. As such, the statute of limitations has run and plaintiff could not prevail. The court finds the cause of action frivolous and without merit and will dismiss the claim.

VI. Conclusion

Because the statute of limitations bars the plaintiff's causes of action, the court will dismiss the complaint as indisputably meritless. An appropriate order follows.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS CONCERT,<br>      Plaintiff<br><br>      v.<br><br>CHIEF THOMAS L. OMANIR;<br>SWOYERVILLE POLICE<br>DEPARTMENT;<br>CPL. ADAM CHRISTIAN SWOY;<br>OFFICER JOSHUA WOLINSKY;<br>MAYOR JAMES KELLER; and<br>BOROUGH of LUZERNE, PA,<br>      Defendants | No. 3:10cv1371<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 7th day of July 2010, upon preliminary consideration of plaintiff's complaint, the complaint (Doc. 1) is hereby **DISMISSED WITH PREJUDICE**. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** solely for the purpose of consideration of the instant complaint. The Clerk of Court is directed to **CLOSE** the case.

                                              BY THE COURT:

                                              s/James M. Munley
                                              JUDGE JAMES M. MUNLEY
                                              United States District Court